# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60766
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 1, 2019

Lyle W. Cayce
Clerk

MARTHA ISABEL ESCOBAR-LOPEZ,

> Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

> Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 165 151

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Martha Isabel Escobar-Lopez, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal and affirming the order of the Immigration Judge (IJ) denying her application for asylum, withholding of removal, and protection pursuant to the Convention Against Torture (CAT). The BIA concluded that the IJ did not err in determining that Escobar-Lopez was not credible and affirmed the denial of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her requests for asylum and withholding for removal on that basis.  Moreover, the BIA concluded that Escobar-Lopez had not identified any error in the IJ's denial of CAT relief and, in any event, had failed to offer credible evidence or sufficient reasons to support her claim.

Escobar-Lopez challenges the adverse credibility finding, but the record does not compel the conclusion that the finding was erroneous.  *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009); *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).  An adverse credibility determination may rely on any inconsistency even if it does not concern the heart of the alien's claim or any other relevant factor.  8 U.S.C. § 1158(b)(1)(B)(iii); *see Wang*, 569 F.3d at 538-39.  While Escobar-Lopez attempts to explain the inconsistencies in her testimony and statements, her construction of the evidence is not compelled by the record.  *See Wang*, 569 F.3d at 538.  Accordingly, there was no basis upon which to grant her request for asylum or withholding of removal.  *See Zhang v. Gonzales,* 432 F.3d 339, 345 (5th Cir. 2005); *Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994).

Escobar-Lopez also contests the denial of her claim for CAT relief.  We analyze the CAT claim separately.  *See Efe v. Ashcroft*, 293 F.3d 899, 906-07 (5th Cir. 2002).  Escobar-Lopez has failed to show that "any reasonable adjudicator would be compelled to conclude" that her testimony is credible as to whether she more likely than not would be tortured if she were returned to Honduras.  8 U.S.C. § 1252(b)(4)(B).  The adverse credibility assessment goes directly to the issue whether she is likely to be tortured in Honduras, and thus, the denial of CAT relief can be upheld based on the credibility determination.  *See Efe*, 293 F.3d at 907-08.

PETITION DENIED.